UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-cv-60056

ROSARIO OLIPHANT,

    Plaintiff,

vs.

MXR IMAGING, INC.,

    Defendant.
_____/

**COMPLAINT**

Plaintiff Rosario Oliphant ("Oliphant"), by and through her undersigned counsel, hereby sues MXR Imaging, Inc. ("MXR"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This Action is brought to remedy violations of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000 et. seq. ("Title VII"), the Age Discrimination in Employment Act, as amended 29 U.S.C. § 621 et. Seq. ("ADEA"), the Equal Pay Act of 1963, as amended 29 U.S.C. § 206(d) ("EPA"), and the Florida Civil Rights Act of 1991, as amended, Fla. Stat. Chapter 760 et. seq. ("Florida Civil Rights Act"), and for unpaid commissions.

2. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over Oliphant's claims.

3. The Court may exercise supplemental jurisdiction over Oliphant's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

4. Oliphant satisfied all conditions precedent to filing suit.

1

5. Oliphant timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), received a Notice of Right to Sue, and timely filed suit.

6. Pursuant to 28 U.S.C. § 1391(b), venue lies in Broward County because a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES AND NATURE OF THE CASE

7. Oliphant is part of a protected class in that she is female and above the age of 40.

8. MXR is a Foreign Profit Corporation with its principal place of business in San Diego, California that regularly conducts business in the State of Florida and maintains offices and employees in the State of Florida.

## FACTUAL ALLEGATIONS

9. At all times material hereto, Oliphant was employed by MXR.

10. MXR is a "person" and an "employer" within the meaning of Title VII, the ADEA, the EPA, and the Florida Civil Rights Act.

11. Oliphant was employed by MXR and its predecessors collectively for approximately twenty-two years.

12. MXR is a provider of diagnostic imaging equipment sales, service, training, and supplies.

13. At all times material hereto, Oliphant worked as a senior sales & leasing manager.

14. In addition to selling or leasing equipment, Oliphant was responsible for managing all service agreements, assisting with mobile leases, managing relationships with existing customers, acquisition of equipment for resale, training new sales representatives, managing all refrigeration contracts, and preparing sales and service quotes for the outside sales team.

15. As an inside salesperson, Oliphant did not have the same requirements or sales quotas as the outside, full time sales representatives.

16. Oliphant was the only female member of her specialist team.

17. In 2020, MXR gave Oliphant a sales quota of $200,000.00.

18. In 2020, Oliphant generated approximately $1,455,740.00 in sales.

19. Beginning sometime in 2020, Oliphant began noticing a decline in sales leads.

20. At one point, the number of leads she received approached zero.

21. This was odd because MXR assigned Oliphant the entire State of Florida, which meant that all leads originating in the State of Florida went to her.

22. Oliphant eventually discovered that a male executive, Rob Manetta ("Manetta"), had diverted at least one lead to himself and away from Oliphant and began to suspect that the other male members of her team were receiving leads.

23. During a phone call with sales manager Rex Lindsey ("Lindsey"), Oliphant objected to Manetta's behavior and inquired about the dramatic decrease in leads.

24. Lindsey confirmed that other male members of her team had received a substantial number of leads.

25. Oliphant was terminated shortly after this phone call.

26. Oliphant was told she was terminated as part of a necessary reduction in workforce.

27. However, Oliphant was the only member of her team that was terminated and was also the only female-member.

28. Following her termination, Oliphant's sales territory was given to Bill Sullivan ("Sullivan"), a less-qualified, similarly situated male employee.

29. Sullivan had such poor performance that he was scheduled to be terminated a month before Oliphant was terminated.

30. Along with Oliphant, several other women over the age of 40 were terminated.

31. The majority of the employees who were terminated as part of the reduction in work force were women over the age of 40.

### COUNT I – SEX DISCRIMINATION PURSUANT TO TITLE VII

Oliphant re-alleges paragraphs 1-31 as though fully set forth herein.

32. This Count is brought pursuant to Title VII.

33. MXR discriminated against Oliphant by taking adverse employment actions against her and altering the terms, conditions, and privileges of her employment because of her sex.

34. MXR treated similarly situated employees who were not women more favorably.

35. At all times material to this Count, Oliphant was qualified for her position.

36. MXR was responsible for such unlawful actions under a theory of vicarious or direct liability.

37. Oliphant has suffered damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and harm to reputation proximately caused by the conduct, actions, and inactions, complained of herein.

**WHEREFORE**, Plaintiff Rosario Oliphant respectfully requests that the Court enter a judgment decreeing that Defendant MXR Imaging, Inc., violated Title VII and awarding all available compensatory, economic, special damages, and punitive damages, attorney's fees and costs, interest, and any additional relief deemed appropriate.

### COUNT II – SEX DISCRIMINATION PURSUANT TO FLA. STAT. § 760.10

Oliphant re-alleges paragraphs 1-31 as though fully set forth herein.

38. This Count is brought pursuant to Fla. Stat. § 760.10.

39. MXR discriminated against Oliphant by taking adverse employment actions against her and altering the terms, conditions, and privileges of her employment because of her sex.

40. MXR treated similarly situated employees who were not women more favorably.

41. At all times material to this Count, Oliphant was qualified for her position.

42. MXR was responsible for such unlawful actions under a theory of vicarious or direct liability.

43. Oliphant has suffered damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and harm to reputation proximately caused by the conduct, actions, and inactions, complained of herein.

**WHEREFORE**, Plaintiff Rosario Oliphant respectfully requests that the Court enter a judgment decreeing that Defendant MXR Imaging, Inc., violated the Florida Civil Rights Act and awarding all available compensatory, economic, special damages, and punitive damages, attorney's fees and costs, interest, and any additional relief deemed appropriate.

### COUNT III – AGE DISCRIMINATION PURSUANT TO THE ADEA

Oliphant re-alleges paragraphs 1-31 as though fully set forth herein.

44. This Count is brought pursuant to the ADEA.

45. MXR discriminated against Oliphant by taking adverse employment actions against her and altering the terms, conditions, and privileges of her employment because of her age.

46. At all times material to this Count, Oliphant was qualified for her position or to assume another position at the time of discharge.

47. Statistical evidence indicates that the employer singled out Oliphant and other women over the age of 40 during the reduction in workforce.

48.     MXR was responsible for such unlawful actions under a theory of vicarious or direct liability.

49.     Oliphant has suffered damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and harm to reputation proximately caused by the conduct, actions, and inactions, complained of herein.

**WHEREFORE**, Plaintiff Rosario Oliphant respectfully requests that the Court enter a judgment decreeing that Defendant MXR Imaging, Inc., violated the ADEA and awarding all available compensatory, economic, special damages, and punitive damages, attorney's fees and costs, interest, and any additional relief deemed appropriate.

### COUNT IV – AGE DISCRIMINATION PURSUANT TO FLA. STAT. § 760.10

Oliphant re-alleges paragraphs 1-31 as though fully set forth herein.

50.     This count is brought pursuant to Fla. Stat. § 760.10.

51.     MXR discriminated against Oliphant by taking adverse employment actions against her and altering the terms, conditions, and privileges of her employment because of her age.

52.     At all times material to this court, Oliphant was qualified for her position or to assume another position at the time of discharge.

53.     Statistical evidence indicates that the employer singled out Oliphant and other woman over the age of 40 during the reduction in workforce.

54.     MXR was responsible for such unlawful actions under a theory of vicarious or direct liability.

55.     Oliphant has suffered damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and harm to reputation proximately caused by the conduct, actions, and inactions, complained of herein.

**WHEREFORE**, Plaintiff Rosario Oliphant respectfully requests that the Court enter a judgment decreeing that Defendant MXR Imaging, Inc., violated the Florida Civil Rights Act, and awarding all available compensatory, economic, special damages, and punitive damages, attorney's fees and costs, interest, and any additional relief deemed appropriate.

### COUNT V – VIOLATION OF THE EPA

Oliphant re-alleges paragraphs 1-31 as though fully set forth herein.

56. Oliphant earned a flat rate of $100 per sale on mobile lease deals.

57. Oliphant's male co-workers earned a percentage of each mobile lease deal and, as a result, generally earned more money on the same deal.

58. This Count is brought pursuant to the EPA.

59. Oliphant was paid a lower wage than her male counterparts for jobs requiring substantially equal skill, effort, and responsibility.

60. The jobs held by the male employees and Oliphant's job were performed under similar working conditions.

61. MXR was responsible for such unlawful actions under a theory of vicarious or direct liability.

62. Oliphant has suffered damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and harm to reputation proximately caused by the conduct, actions, and inactions, complained of herein.

**WHEREFORE**, Plaintiff Rosario Oliphant respectfully requests that the Court enter a judgment decreeing that Defendant MXR Imaging, Inc., violated the EPA, and awarding all available compensatory, economic, special damages, and punitive damages, attorney's fees and costs, interest, and any additional relief deemed appropriate.

## COUNT VI – BREACH OF CONTRACT

Oliphant re-alleges paragraphs 1 through 15 as though fully set forth herein.

63. A contract between MXR and Oliphant existed wherein MXR agreed to pay Oliphant commissions based on equipment servicing agreements she procured with MXR's customers.

64. Oliphant performed under the terms of the agreement and procured numerous servicing agreements.

65. Following her termination, MXR refused to pay Oliphant $42,326.00 owed to her from contracts she closed prior to her termination in breach of the contract between Oliphant and MXR.

66. Oliphant suffered damages.

**WHEREFORE**, Plaintiff Rosario Oliphant respectfully requests that the Court enter a judgment awarding damages, attorney's fees and costs pursuant to Fla. Stat. § 448.08, interest, and any additional relief deemed appropriate by the Court

## COUNT VII – QUANTUM MERUIT

Oliphant re-alleges paragraphs 1 through 15 as though fully set forth herein.

67. Oliphant brings this Count in the alternative to Count VI.

68. MXR did not pay Oliphant for services rendered.

69. MXR acquiesced in the provision of services by Oliphant.

70. MXR was aware that Oliphant expected to be compensated.

71. MXR failed to compensate Oliphant and was unjustly enriched thereby.

**WHEREFORE**, Plaintiff Rosario Oliphant respectfully requests that the Court enter a judgment awarding damages, attorneys' fees and costs pursuant to Fla. Stat. § 448.08, interest, and any additional relief deemed appropriate by the Court.

## COUNT VIII – UNJUST ENRICHMENT

Plaintiff incorporates paragraphs 1 through 15 as though fully set forth herein.

72. Oliphant conferred a benefit on MXR by procuring lucrative service agreements.

73. MXR had knowledge of the benefit.

74. The defendant voluntarily accepted and retained the benefit conferred.

75. The circumstances are such that it would be inequitable for MXR to retain the benefit without paying the value thereof to Oliphant.

**WHEREFORE**, Plaintiff Rosario Oliphant respectfully requests that the Court enter a judgment awarding damages, attorney's fees and costs pursuant to Fla. Stat. § 448.08, interest, and any additional relief deemed appropriate by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff Rosario Oliphant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: */s/ Alejandro F. Garcia*
Alejandro F. Garcia, Esq.
Florida Bar No. 98505
agarcia@ramhofergarcia.com
RAMHOFER | GARCIA
11900 Biscayne Blvd.
Suite 742
North Miami, FL 33181
Telephone: (305) 481-9733
Facsimile: (954) 697-0341
*Attorneys for Plaintiff Rosario Oliphant*